*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-11-0000367
27-FEB-2014
11:04 AM**

SCWC-11-0000367

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellant,

vs.

PETER DELA CRUZ,
Petitioner/Defendant-Appellee.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000367; CASE NO. 1P511-00408)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna and Pollack, JJ.)

This case concerns the District Court of the First Circuit's (district court) dismissal of the charge against Petitioner/Defendant-Appellee Peter Dela Cruz (Dela Cruz) of abuse of family or household members. The State appealed to the Intermediate Court of Appeals (ICA), and the ICA concluded that the district court plainly erred in dismissing the charge for lack of jurisdiction. The ICA vacated the order of dismissal and remanded the case for further proceedings. We conclude that the

ICA did not need to apply the plain error standard of review because the State preserved the error by timely appealing to the ICA. We otherwise affirm the ICA's January 24, 2013 Summary Disposition Order (SDO) and its March 15, 2013 Judgment on Appeal vacating the district court's March 30, 2011 order of dismissal.

## I. BACKGROUND

On March 28, 2011, Dela Cruz was charged via complaint with abuse of family or household members, in violation of Hawaiʻi Revised Statutes (HRS) § 709-906(1) (Supp. 2010)[1], resisting an order to stop a motor vehicle, in violation of HRS § 710-1027 (1993)[2], and driving without a license, in violation of

---

[1]  HRS § 709-906(1) provided then, as it does now:

It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.

For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

[2]  HRS § 710-1027 provided then, as it does now:

(1) A person commits the offense of resisting an order to stop a motor vehicle if the person intentionally fails to obey a direction of a law enforcement officer, acting under color of the law enforcement officer's official authority, to stop the person's vehicle.

(2) Resisting an order to stop a motor vehicle is a misdemeanor.

HRS § 286-102(a) (Supp. 2010)[3].  On March 30, 2011, Dela Cruz appeared in district court on the abuse of family or household members charge.[4]  During defense counsel's oral motion to release Dela Cruz on his own recognizance, the district court stated: "I don't see that I have jurisdiction in the case.  I don't think I can do anything on it.  Would you agree that this doesn't belong before me?"  The prosecution stated: "I agree that I'm not sure why this is here."  The district court suggested that Dela Cruz move to dismiss the case and then stated that it would dismiss the case.  Later that day, the district court entered its Notice of Entry of Judgment and/or Order dismissing <u>with</u> prejudice the charge of abuse of family or household members.

On April 15, 2011, the State filed a motion for reconsideration, asking the court to dismiss the charge of abuse of family or household members <u>without</u> prejudice.  The State argued that the district court had jurisdiction over the charge due to the provisions of HRS § 604-8(b) (Supp. 2010) granting the district court "concurrent jurisdiction with the family court

---

[3]     HRS § 286-102(a) provided then, as it does now:

> (a) No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

[4]     The Honorable Christopher J. McKenzie presided.

3

of . . . any violation of section 709-906 when multiple offenses are charged and at least one other offense is a criminal offense within the jurisdiction of the district courts."[5]  In his memorandum of law in opposition to the State's motion for reconsideration, Dela Cruz argued that the district court lacked the requisite jurisdiction to reconsider an order dismissing charges against a criminal defendant.[6]

At the April 27, 2011 hearing on the State's motion for reconsideration, the district court acknowledged that it had erred in dismissing the charge for lack of jurisdiction. However, the court ultimately denied the State's motion for reconsideration of the order "based on the arguments raised by the defense counsel in her memorandum."[7]

On April 29, 2011, the State filed a timely notice of appeal to the ICA.  In its opening brief, the State contended

---

[5] Dela Cruz does not dispute that the district court erred in dismissing the charge.  Because Dela Cruz was also charged with criminal offenses over which the district court had jurisdiction -- resisting an order to stop a motor vehicle, in violation of HRS § 710-1027, and driving without a license, in violation of HRS § 286-102(a) -- the district court had jurisdiction over the charge of abuse of family or household members pursuant to HRS § 604-8(b).

[6] Dela Cruz also argued that, were he re-prosecuted for the charge of abuse of family or household members, this would violate HRS § 701-109(2) (1993) and would constitute double jeopardy.  Considering this issue, the ICA held that double jeopardy did not bar the ICA from vacating the district court's judgment and remanding the case for further proceedings "[b]ecause the [d]istrict [c]ourt's dismissal of the charge for lack of jurisdiction did not constitute an acquittal."  Dela Cruz has not reprised his argument regarding HRS § 701-109(2) before this court.

[7] The district court actually stated that it granted the motion for reconsideration in part, granting the State's concurrent motion to correct the court's March 30, 2011 minutes.

4

that the district court erred in granting Dela Cruz's oral motion to dismiss for lack of jurisdiction. The State argued that the district court had jurisdiction over the charge of abuse of family or household members pursuant to HRS § 604-8(b).

Dela Cruz responded that because the State failed to object to the dismissal during the initial hearing, the alleged error may be reviewed only for plain error, which "is not applicable in the instant case."

The ICA concluded that, pursuant to HRS § 709-906(1), the district court erred in dismissing with prejudice the charge against Dela Cruz for abuse of family or household members. The ICA stated: "Under the circumstances of this case, we conclude that it is appropriate to reach the State's challenge to the [d]istrict [c]ourt's dismissal of the charge with prejudice under the plain error standard." Furthermore, the ICA stated that because it had vacated the district court's judgment, there was no need to address whether the district court erred in denying the State's motion for reconsideration.

## II. DISCUSSION

On appeal, an appellant must note where in the record an alleged error was objected to or brought to the attention of the trial court. Hawaiʻi Rules of Appellate Procedure (HRAP) 28(b)(4). While plain error may be noticed even if the error was not raised in the trial court, "our power to deal with plain

5

error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system –- that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." State v. Nichols, 111 Hawaiʻi 327, 336, 141 P.3d 974, 983 (2006) (quoting State v. Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 74-75 (1993)).

However, we need not reach the question of whether plain error may be applied. The State's appeal of this issue to the ICA was sufficient to preserve the error. Here, there was no need for the ICA to apply a plain error analysis because the State had no opportunity to object to the district court's dismissal of the case with prejudice prior to the district court's order.

We therefore affirm the ICA's March 15, 2013 judgment on appeal vacating the district court's order of dismissal and remand this case to the district court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, February 27, 2014.

James S. Tabe
for petitioner

Stephen K. Tsushima
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

